# Schanbacher's Case.

*Insolvency—Release from confinement—"Actual confinement"—Act of June 16, 1836, P. L. 740.*

The word "actual" in the Act of June 16, 1836, P. L. 740, providing for a release of the insolvent after "actual confinement . . . . for a period of not less than three months," is to be construed in its ordinary sense, and not as a substitute for the word "constructive."

Argued Feb. 23, 1915. Appeal, No. 5, Feb. T., 1915, by Charles Schanbacher, from order of C. P. Tioga Co.;

Jan. T., 1914, No. 102, refusing to discharge from confinement In re Charles Schanbacher, an insolvent. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Petition for discharge of an insolvent from confinement. Before CAMERON, P. J.

The court filed an opinion the material portion of which was as follows:

The prosecutrix contended that the petitioner had not been in actual confinement. The evidence showed that within three months immediately preceding his application he had been allowed to go at large during the day; that he made various trips to different parts of the county. The district attorney testified that after the first two weeks, from his commitment, he was not confined at all during the daytime; that he was on the streets almost constantly, attended entertainments, visited hotels and pool rooms and public offices, coming and going at his own pleasure. This was not actual confinement if regard be had for the meaning of the word "actual." Webster defines actual to be: existing in act or reality; something actually received; real as distinct from estimated; not theoretical, hypothetical, nominal or constructive. If the words are to be construed as contended by the petitioner's counsel there is no force in the words of the sentence "stand committed till the sentence be complied with." The pleasure of the sheriff would take the place of the sentence of the court and he would have power to say what the person sentenced should undergo.

The force of law consists in the uniformity of its application to cases and the certainty of its effect on individuals. It would lose both these elements if the pleasure of the sheriff could be substituted for the order of court; the degree of confinement would be as variable as the disposition of the public officer. This should

be avoided if possible.  Fortunately there is no difficulty in the way by giving the words of the statute their generally received meaning—that is that actual confinement means confinement in fact in the jail of the county.  Taking that view of the matter, we must refuse the discharge prayed for.

*Error assigned* was the order of the court.

*P. J. Edwards*, with him *F. S. Hughes* and *A. B. Dunsmore*, for appellant.

*Lee Brooks*, with him *E. H. Green*, district attorney, *T. A. Crichton* and *S. F. Channell*, for appellee.

PER CURIAM, April 19, 1915:

Whether the appellant had been "in actual confinement" for three months before presenting his application was a question of fact.  The appeal operates only as a certiorari, and does not bring up the evidence.  Therefore the court's decision of that question of fact must be taken as conclusive, unless it appears that it was based on an erroneous construction of the words of the statute: "actual confinement, in pursuance of such sentence for a period of not less than three months." But the opinion filed by the learned judge shows quite clearly that the construction of those words upon which he proceeded was right.  The words are plain and unambiguous.  To strike out the word "actual" or substitute for it the word "constructive," as must be done to sustain this appeal, would be to amend, not to construe.  Upon the facts found by the learned judge, he was clearly right in dismissing the petition and refusing the discharge, for the reason that the petitioner had not been in "actual confinement for the required period." Nothing need be added to what he has said as to the meaning of the statute.  What the learned judge said as to the merits of the case, in the latter part of his

opinion, was merely supplementary, and not necessary to the decision. It is quite apparent that the decision was not based upon those considerations, but upon the facts found by him and the construction of the statute to which we have referred.

The assignments of error are overruled, and the judgment is affirmed.